**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Dominguez, et al., | No. CV-22-00768-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wallick and Volk Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant The Money Source, Inc.'s ("TMS") motion for reconsideration and/or clarification (Doc. 136) of the Court's March 12, 2024 Order (Doc. 124) and Plaintiffs' motion for extension (Doc. 139) requesting to extend the written discovery deadline by one day. Plaintiffs request to extend the written discovery deadline if the Court grants TMS' motion. (Doc. 139 at 3.) For the forthcoming reasons, the Court denies both motions (Docs. 136, 139).

Local Rule of Civil Procedure 7.2(g) sets for the standard of review for motions for reconsideration. LRCiv 7.2(g). Motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id.* "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citations omitted).

On March 8, 2024, the parties filed a joint statement of discovery disputes ("joint statement"). (Doc. 121). There, Plaintiffs and TMS outlined their positions on TMS' written discovery responses. (*Id.* at 2-5, 10-12.) The Court granted the discovery disputes in Plaintiffs' favor on March 12, 2024, and required TMS to respond to "Request Nos. 1, 2, 3, and 5." (Doc. 124.)

Here, in its motion, TMS argues again the relevance of these requests for production. (*Compare* Doc. 121 at 10-12, *with* Doc. 136 at 6, 8, 10-13). The Court need not reconsider these relevance arguments as they were considered previously. *See Motorola*, 215 F.R.D. at 582.

Now, TMS claims for the first time that Plaintiffs' counsel "made material representations in their Joint Statement to induce the Court into ruling on the Request to Produce No. 1." (Doc. 136 at 4-5.) Plaintiffs in the joint statement provided, among other arguments, "[f]ederal regulators have rejected TMS' contention and have obtained Consent Orders compelling TMS to establish, implement, and maintain procedures to ensure that the Corporation makes payments from consumer escrow accounts for insurance premiums and other charges in a timely manner." (Doc. 121 at 2-3.) TMS claims that the use of the term "federal regulators" somehow induced the Court to make its ruling. (Doc. 136 at 4-6.) The Court, however, reviewed the statements, exhibits, and requests thoroughly before making the determination. Furthermore, if TMS had issue with how Plaintiffs explained Request for Production No. 1, it had the opportunity to raise such an argument in the joint statement but did not do so. (*See* Doc. 121 at 10.)

With respect to "Request to Produce No. 2," TMS claims that the documents requested by Plaintiffs do not fall under this request, namely the Business Rules, Real Estate Settlement Procedures Act Policy, Lender Placed Insurance Policy, Lender Placed Insurance Procedures, and Vendor Management Policies and Procedures. (Doc. 136 at 8-10.) Plaintiffs listed these documents in the joint statement in the description of this production request. (Doc. 121 at 4.) TMS, however, never raised an issue about these specific documents in the joint statement when it had the opportunity to do so. (*See id.* at

- 2 -

11.) Furthermore, on its face, these documents fall under a request for "documents, writing or other evidence" that demonstrate TMS had procedures in place to ensure payments for escrow accounts in a timely manner for properties located in Arizona. (Doc. 121-1 at 4-5.)

Regarding "Request to Produce No. 3," TMS raises the same arguments and objections to the request. (*Compare* Docs. 121 at 3; 121-1 at 5, *with* Doc. 136 at 10-13.) Specifically, TMS argues it seeks information that "calls for the disclosure of mental impressions of counsel," because the request asks for "documents, data, or other writings that would reflect or be relevant to any part of the 'Closing File Review.'" (Doc. 121-1 at 5; Doc. 136 at 10-13.) The Court need not reconsider this because TMS does not provide evidence of "manifest error or a showing of new facts or legal authority." *See* LRCiv 7.2(g).

Lastly, for "Request to Produce No. 5," TMS argues that Plaintiffs requested "only recent judicial orders" in the joint statement but then expanded the request to include those since January 1, 2017. (Doc. 136 at 13-15.) Plaintiffs, however, request always stated judicial orders "since January 1, 2017." (Doc. 121-1 at 6.) The statement "only recent judicial orders" is from Plaintiffs explanation of Request No. 5. (Doc. 121 at 4.) TMS even acknowledged this date in the joint statement. (*Id.* at 12 ("Request 5 seeks any decrees, orders, or findings of fact since January 1, 2017.").) TMS could have requested the Court narrow the time period in the joint statement but did not do so. (*See id.*)

Accordingly,

**IT IS ORDERED denying** Defendant The Money Source, Inc.'s motion for reconsideration (Doc. 136). Defendant The Money Source must produce, as required by the Court's Order (Doc. 124), all documents for Request for Production of Documents (Set two), Request Nos. 1, 2, 3 and 5, if it has not already done so, on or before April 1, 2024.

**IT IS FURTHER ORDERED denying** Plaintiffs' motion for extension of written discovery deadline (Doc. 139) as moot.

Dated this 28th day of March, 2024.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge