**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Dominguez, et al., | No. CV-22-00768-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wallick and Volk Incorporated, et al., | |
| Defendants. | |

Defendant The Money Source, Inc. ("TMS") moves to exclude Plaintiffs Alfredo Dominguez and Chelsie Dominguez's ("Plaintiffs") expert Curtis Novy's expert reports and testimony (Doc. 212). Plaintiffs proffer Mr. Novy as a mortgage loan expert who will opine in part on whether TMS properly maintained homeowners' insurance. (Doc. 212-1 at 14.) The motion is fully briefed and neither party requested oral argument. (Docs. 212, 227, 235.) The Court rules as follows.

## I.   LEGAL STANDARD

A party offering expert testimony must establish that the testimony satisfies Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence

or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

As gatekeepers, trial judges make a preliminary assessment about the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 (1993). "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. To meet the requirements of Rule 702, an expert must be qualified, his opinion must be based on sufficient facts or data and be the product of reliable principles and methods, and his testimony must fit the case such that his opinion is relevant. *Id.* at 589-95.

The Rule 702 inquiry is "flexible." *Id.* at 594. The focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Because the requirements of Rule 702 are conditions for determining whether expert testimony is admissible, a party offering expert testimony must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702. Fed. R. Evid. 104(a); *see also Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

## II.   ANALYSIS

### A.   Qualifications

TMS first argues that Mr. Novy is unqualified to offer mortgage servicing opinions because his expertise is in mortgage fraud investigations and underwriting. (Doc. 212 at 3-5.)

An expert must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "The qualification standard is meant to be broad and to seek

a 'minimal foundation' justifying the expert's role as an expert." *Allen v. Am. Capital Ltd.*, 287 F. Supp. 3d. 763, 776 (D. Ariz. 2017) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004)). "Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert." *Hargarter*, 373 F.3d at 1015 (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).

As TMS identifies, Mr. Novy's expertise predominantly includes mortgage fraud and underwriting. (Doc. 212-1 at 9-12.) Mr. Novy, however, has over 30 years of experience in commercial and residential lending, which includes "loan servicing compliance." (Doc. 212-1 at 15.) Since 1997, Mr. Novy has served in various capacities in the mortgage industry—his expertise includes lending operations, mortgage banking standards and practices, and ensuring loans meet industry standards. (*Id.* at 10-11.) Furthermore, since 1997, Mr. Novy has been retained as a subject matter expert and consultant, where his areas of testimony included mortgage lending for both commercial and residential mortgages. (*Id.*) Mr. Novy also testified that he received Housing and Urban Development ("HUD") training as to loan servicing matters and he has reviewed loan servicing records as part of his role in compliance and auditing. (Doc. 212-2 at 7-8, 11.) The Court therefore finds that Mr. Novy's qualifications meet the knowledge and experience of an expert to discuss the mortgage servicing industry.

In their response, Plaintiffs attach a declaration from Mr. Novy expounding upon his expertise and expert conclusions. (Doc. 227-1 at 2-8.) This declaration amounts to an untimely supplemental expert report. The deadline to disclose supplement expert witness opinions was April 26, 2024. (Doc. 115.) Thus, the Court will strike Mr. Novy's declaration. (Doc. 227-1 at 2-8.)

### B.   Reliability

TMS argues that Mr. Novy's opinion lacks reliability, calling it speculative and full of legal conclusions. (Doc. 212 at 6-9.) TMS takes issue with five of Mr. Novy's opinions. (*Id.*)

Reliability of an expert's opinion is "determined almost exclusively by looking at

[the expert's] decision-making process." *Allen*, 287 F. Supp. 3d at 777 (citing *Daubert*, 509 U.S. at 593-94.) When the testimony is non-scientific, as it is here, the *Daubert* factors are not applicable. *See Hangarter*, 373 F.3d at 1017. Instead, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Id.* (quoting *United States v. Hankey*, 203 F.3d 1160, 1069 (9th Cir. 2000)).

"[E]xpert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 advisory committee's note to 2023 amendment (citing Fed. R. Evid. 104(a)); *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."). This means that "if the court finds it more likely than not that an expert has a sufficient basis to support an opinion, the fact that the expert has not read every single study that exists will raise a question of weight and not admissibility." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

In addition, expert witnesses cannot offer legal conclusions because "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys. Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter*, 373 F.3d at 1016). Courts typically prohibit experts from interpreting the law and advising how the law should apply to the facts of a case because this testimony can circumvent the fact-finder's decision-making capability. *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005).

### 1.      Preliminary Report Opinion No. 4

TMS argues that opinion number 4 in Mr. Novy's preliminary report improperly opines that "TMS failed to properly audit the loan file from Wallick & Volk and therefore accepted all liability and risks." (Docs. 212 at 6, 212-1 at 7.) Mr. Novy relied on HUD regulations to reach this conclusion. (Doc. 212-1 at 7.) TMS also argues that Mr. Novy

does not identify the correct HUD regulations in his deposition testimony. (Doc. 212 at 6.)

The Court finds that this statement is an improper legal conclusion because Mr. Novy concludes that TMS violated HUD standards and accepted liability. (Doc. 212-1 at 7.) As an expert, Mr. Novy may address the factual question of whether TMS deviated from the customs, practices, and standards of the mortgage industry, but not the ultimate legal issue of whether TMS is liable. *See Hangarter*, 373 F.3d at 1016-17 (concluding that an expert witness may testify about insurance industry standards but not directly about legal conclusions). The Court also finds that Mr. Novy's overall conclusion with respect to TMS in the preliminary report is unreliable because he did not have complete facts when writing his analysis. Mr. Novy did not have the TMS employee depositions or loan records. (Doc. 212-1 at 7.)

TMS also argues that Mr. Novy improperly testified that Chelsie Dominguez "had no obligation to provide TMS with the Perkin Insurance Policy" because he "had not reviewed the Deed of Trust" to verify who was required to provide proof of insurance. (Doc. 212 at 6.) In fact, Mr. Novy's report explained that he did review the Deed of Trust. (Doc. 212-1 at 4.) He testified at this deposition that he did so but could not "recollect the exact wording in there." (Doc. 212-3 at 8-11.) Therefore, the Court finds this testimony reliable. TMS can address its concerns with the weight of the testimony specific to Plaintiffs and their responsibilities regarding the Perkin Insurance Policy through cross-examination. *See Daubert*, 509 U.S. at 596.

### 2.      Supplemental Report Opinion No. 5

TMS argues that Mr. Novy's opinion number 5, concluding that TMS failed to service the loan to HUD standards, is unreliable. TMS fails to develop this argument. (Doc. 212 at 7.) The Court finds that Mr. Novy's conclusion is reliable because he had "a sufficient basis to support an opinion." *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendment. Mr. Novy relied on TMS procedures, loan servicing records, deposition testimony, HUD QC Audit Checklist, and his knowledge of industry standards and practices. (Doc. 212-1 at 15-16, 21-23.)

1  The Court reserves the question of whether Mr. Novy's opinion that TMS did not

2  service the loan to HUD standards as an improper legal conclusion for trial.

3  **3.  Supplemental Report Opinion No. 6**

4  TMS argues that Mr. Novy's opinion number 6, which concludes that TMS failed

5  to properly monitor its subcontractor work, is unreliable because he never managed or

6  oversaw an insurance vendor. (Doc. 212 at 7.)

7  The Court finds that Mr. Novy's opinion is reliable. Mr. Novy testified that he relied

8  on the deposition testimony of Linda Case, who was responsible for managing Assurant,

9  TMS's servicing vendor. (Doc. 212-3 at 30-31.) Mr. Novy also relied on HUD regulations

10  and "QC plan standards." (Doc. 212-1 at 25.) TMS's concern whether Mr. Novy has

11  specialized experience managing vendors goes to the weight of the testimony, not

12  admissibility.

13  **4.  Supplemental Report Opinion No. 7**

14  TMS argues that Mr. Novy's opinion number 7, which concludes that it was

15  improper of TMS to place Plaintiffs' loan in default status, is unreliable because Mr. Novy

16  testified that he did not know the reason the loan was put in default status. (Doc. 212 at 7.)

17  The Court finds Mr. Novy's opinion reliable because he had "a sufficient basis to

18  support [the] opinion." *See* Fed. R. Evid. 702 advisory committee's note to 2023

19  amendment. Mr. Novy reviewed TMS procedures, loan servicing records, deposition

20  testimony, and HUD QC Audit Checklist, which includes property insurance verification.

21  (Doc. 212-1 at 21-23.) Using these materials and his expertise, Mr. Novy concluded that it

22  was improper to put the loan in default status. TMS's concern that Mr. Novy did not know

23  the reasoning goes to the weight of the testimony, which can be resolved through cross-

24  examination.

25  **5.  Supplemental Report Opinion No. 8**

26  TMS argues that Mr. Novy's opinion number 8, concluding that TMS did not follow

27  FHA Guidelines to ensure that hazard insurance is filed and settled "expeditiously," is

28  unreliable because Mr. Novy testified that he had no opinion as to the industry standard

timing. (Doc. 212 at 6-7; Doc. 212-3 at 35.)

The Court finds Mr. Novy's opinion reliable because his conclusion is based on his knowledge and experience from the industry. Mr. Novy testified that HUD does not set a timeline but that "based on [his] 30-plus years of experience" the timing should be between 30 days to 90 days. (Doc. 212-3 at 35.)

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED granting in part and denying in part** Defendant The Money Source, Inc.'s motion to exclude expert Curtis Novy's expert reports and testimony (Doc. 212), as described herein.

**IT IS FURTHER ORDERED striking** Curtis Novy's declaration (Doc. 227-1 at 2-8).

Dated this 23rd day of August, 2024.

Michael T. Liburdi
United States District Judge