**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Dominguez, et al., | No. CV-22-00768-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wallick and Volk Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants Wallick & Volk ("Wallick") and Christina Bingham's (collectively "Defendants") motion for order continuing trial; for leave to substitute expert witness; for order to enjoin expert's former and current employers from interfering with expert trial testimony; and to show cause why current and former employers should not be held in contempt; and for monetary sanctions (Doc. 263). The Court held oral argument on October 24, 2024, and the motion is fully briefed.[1] For the forthcoming reasons, Defendants' motion (Doc. 263) will be denied.

**I.**

The Court held a Scheduling Conference with the parties on November 8, 2022. (Doc. 32.) Pursuant to the parties' Joint Case Management Report, the Court set the deadline for expert opinions to May 26, 2023. (Docs. 31, 33.) Since then, this case has encountered numerous unpredictable twists and turns—usually to the detriment of the Scheduling Order.

---

[1] Plaintiffs waive the opportunity for a written response and rest on their oral response presented on October 24, 2024. (Doc. 270.)

After a series of discovery disputes, the parties filed a Joint Motion to Amend the Scheduling Order. (Doc. 82.) The Court granted the joint motion and extended the deadline for expert disclosure to November 23, 2023. (Doc. 83.) The fact discovery deadline was extended to December 30, 2023. (*Id.*)

After this initial discovery extension, Defendants retained The Oakleaf Group, LLC ("Oakleaf"), which agreed to provide the services of Susan Connally as a mortgage servicing expert. (Doc. 263-3 at 9-16.) At the time in October 2023, Ms. Connally was the Director of Loan Servicing for Oakleaf. (*Id.*) Ms. Connally provided an expert report, but she was never deposed. (Doc. 263-2 at 6; Doc. 270.) Ms. Connally resides in Colorado, and Defendants have not presented any evidence that she is employed in or regularly transacts business in person in Arizona. (*See* Docs. 263, 270.)

Later, on December 20, 2023, Plaintiffs filed a motion to stay discovery and other pretrial deadlines by thirty days because the parties had a private mediation scheduled for January 5, 2024, and if the mediation was not successful, Plaintiffs planned to file a motion to amend the complaint. (Doc. 104.) Wallick did not object to or oppose this stay. (Doc. 104 at 2.) The Court granted the brief stay and set a status conference for January 19, 2024. (Doc. 105.) At the January 19, 2024 status conference, the Court extended the stay to February 15, 2024, after learning that the mediation was rescheduled to February 7, 2024. (Docs. 107, 108.)

At the February 15, 2024 status conference, the parties reported that the mediation was unsuccessful, and after hearing oral argument, the Court ordered Plaintiffs to file an amended complaint no later than February 22, 2024, and set deadlines for Defendants to file motions to dismiss and dispositive motions. (Doc. 110.) The deadline for supplemental expert witness disclosure was set to April 26, 2024, and fact discovery (including depositions) was extended again to May 3, 2024. (Doc. 115.) The Court also set the case for a September 10, 2024 trial date, which was later reset to September 17, 2024 due to conflicts with the parties' schedules. (Docs. 111, 114, 115.)

On June 27, 2024, the parties filed a stipulation for proposed oral argument dates

for their motions for summary judgment. (Doc. 243.) Based on the proposed dates and the Court's heavy caseload, it vacated the September 17, 2024 trial date. (Doc. 244.) Instead, the Court set oral argument on the motions for summary judgment for September 17, 2024, and asked the parties to come prepared with proposed dates for the jury trial. (*Id.*) At the hearing, after consulting with the parties, the Court reset the trial to December 3, 2024. (Docs. 251, 252.)

On September 20, 2024, Defendants' counsel, Mr. Weiss, emailed Ms. Connally notifying her that the case did not settle and that some of the claims against Defendants were going to trial. (Doc. 263-3 at 21.) Mr. Weiss told Ms. Connally that he expected her to testify "Thursday or Friday, December 11th or 12th, but the week of December 16th may be more realistic." (*Id.*) Mr. Weiss asked Ms. Connally to call him to discuss the case. (*Id.*) Mr. Weiss sent a follow-up email on September 26, 2024, writing, "I left you two voicemail messages and am following up on the below email. Please call me." (*Id.* at 22.) Mr. Weiss emailed again on October 1, 2024, and received no response. (*Id.* at 24.)

Mr. Weiss determined that sometime after Ms. Connally submitted her expert report, she switched employers from Oakleaf to Azimuth GRC ("Azimuth"). (Doc. 263-2 at 4.) Mr. Weiss speculates that Ms. Connally has been instructed by her new employer to not respond to his inquiries. (*Id.* at 7.) According to Mr. Weiss, Oakleaf and Azimuth are in a legal dispute, which has nothing to do with this present case, that is preventing Ms. Connally from testifying. (*Id.*; *see also* Doc. 263-3 at 26-30.) Mr. Weiss tried reaching a solution with the counsel of Oakleaf and Azimuth to no avail. (*Id.*) As a result, on October 23, 2024, Mr. Weiss filed this motion asking the Court for its assistance with this issue. (Doc. 263.)

## II.

### A.

Federal Rule of Civil Procedure 16(b) controls the scheduling of a case. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16(b) "primarily considers the diligence

of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If [the] party was not diligent, the inquiry should end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *see, e.g.*, *Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 208 F.R.D. 649, 653, 655-56 (S.D. Cal. 2015) (finding no good cause to amend scheduling order "mere months before the pretrial conference" when defendant knew expert was unavailable but waited to notify parties until the "expert testimony would be necessary at trial").

**B.**

Defendants claim that Ms. Connally's expert opinion is necessary to establish Plaintiffs' comparative fault and that The Money Source's ("TMS") superseding negligence caused the property to be uninsured before the fire. (Doc. 269 at 3.) They ask the Court to either (1) continue the trial and reopen discovery so that Defendants may find a new expert witness or (2) order non-parties Oakleaf and Azimuth to show cause why Ms. Connally cannot be allowed to testify at trial. (Doc. 263-2.)

Plaintiffs oppose the reopening of discovery because it will prejudice them, especially if the new expert discloses new opinions. (Doc. 270.) Plaintiffs' counsel, Mr. Dixon, chose not to depose Ms. Connally as part of his trial preparation strategy. (*Id.*) Plaintiffs also argue that Ms. Connally's expert opinion was averse to TMS, a party that has now been dismissed from this case. (Docs. 262, 270.) Plaintiffs claim that it seems strategic for Defendants to want new opinions now that TMS is no longer a party. (Doc. 270.)

The Court foresees more delays if the trial is rescheduled to allow Defendants to revisit this expert witness—Plaintiffs may want a new rebuttal witness or Plaintiffs may decide to conduct a deposition or the parties may request a new round of summary judgment motions—these actions will delay the final resolution of this case for several months, if not a year or longer. This case must end either by way of a jury verdict or a settlement, granting Defendants' present motion makes a timely resolution impossible.

The Court finds that Defendants have not satisfied the good cause standard. Here,

Defendants did not make any effort to determine Ms. Connally's trial availability until *after* this Court conducted the hearing to reset trial on September 17, 2024. This is so even after the Court ordered the parties to come prepared to discuss proposed trial dates. (Doc. 244.) Indeed, at the Rule 16 scheduling conference conducted in November 2022—nearly two years ago—this Court recalls admonishing counsel to come prepared to the trial setting conference with their expert witness's availability—that failing to confirm an expert's schedule in advance would be done at the party's own peril.[2] (Doc. 32.)

Naturally, counsel would reach out to witnesses before September 17 to identify any potential scheduling conflicts and avoid setting trial on those dates. Yet, Mr. Weiss has not presented any evidence that he discussed availability with Ms. Connally before September 20, 2024. In fact, Mr. Weiss presents no evidence that he communicated with Ms. Connally at all to coordinate her testimony during the period approaching the original September 17, 2024 trial date, before it was vacated. In other words, during the several months between February 15, 2024, (*see* Doc. 110), and July 1, 2024, (*see* Doc. 244), Mr. Weiss did not communicate with Ms. Connally about the pending September 17th trial date—had he done so, he may have been able to head off this predicament. Only at the October 24, 2024 hearing did Mr. Weiss explain that he told Ms. Connally at some point that summary judgment motions were pending and that he would get back to her. (Doc. 270.) Mr. Weiss claims that he had no notice of her employment status before the September 17th hearing. (Doc. 269 ¶ 16.)

While the Court has no reason to doubt the authenticity of counsel's representations in this case, it would not be difficult to imagine how granting continuances in these circumstances could be abused. If an attorney is not ready for trial, or believes delay would somehow benefit their client, they could simply say the third-party witness (who counsel himself selected as an expert) who is outside the Court's subpoena power, has elected to not testify. *See* Fed. R. Civ. P. 45(c)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only…within 100 miles of where the person resides, is

---

[2] In fact, the Court will ORDER the parties to order a copy of the transcript from the November 8, 2022 hearing.

employed, or regularly transacts business in person.").

Furthermore, at the October 24, 2024 hearing, Mr. Dixon offered to not object to Wallick offering the admissible testimony of any disclosed current and former employees with knowledge of the foundational facts giving rise to Ms. Connally's expert opinions set forth in her report. (Doc. 270.) Defendants reject this offer, reasoning that Wallick employees with significant knowledge of these industry practices and standards do not necessarily possess the same credentials as Ms. Connally. (Doc. 269 at 5.)

The Court's need to manage its docket is well established. And it is not reasonable to Plaintiffs, the other witnesses, the public, or the Court to allow one third-party to unilaterally wield power dictating when this Court can conduct a trial. This case was filed nearly three years ago and has undergone numerous scheduling challenges already. Thus, while the Court recognizes that these circumstances create some difficulty for Defendants, the Court must balance this quandary against the unfairness to all other parties to the judicial system if the Court permits Ms. Connally, who again Defendants chose to retain despite the fact that she is not within Arizona for purposes of a trial subpoena, to completely control the finality of this Court's Rule 16 deadlines and this Court's trial schedule in this case.

**C.**

Defendants ask the Court to exercise jurisdiction over non-parties Oakleaf, Azimuth, and Ms. Connally without providing much legal authority. (Doc. 263-2 at 9-14.) Defendants claim that Oakleaf's and Azimuth's actions rise to the level of witness tampering, citing to 18 U.S.C. § 1512.[3] (*Id.* at 10.)

---

[3] Defendants seemly ask this Court to adjudicate a breach of contract dispute between Wallick and Oakleaf. The Court finds two issues with this. First, the Court cannot adjudicate a claim that is not pleaded against parties who are not before it. Second, based on this limited record, the Court is not convinced that Oakleaf or Ms. Connally are even breaching the contract. Without knowing for certain Maryland contract law, (*see* Doc. 263-3 at 16), at first read, the contract language does not specify whether Ms. Connally has been retained to testify at trial. (*See* Doc. 263 at 9 ("Additional scope *may* also include a written expert report and testimony, as needed." (emphasis added)).)

Section 1512 is a criminal statute. Yet again, the Court finds that Defendants have presented poorly researched legal arguments. (*See* Doc. 254 at 23-24 (finding that Plaintiffs' and Wallick's briefs "fell well below the standards and expectations for practice in the United States District Court" and cautioning the parties that "any briefs that fail to satisfy minimum standards and expectations of practice may be stricken from the docket, and therefore not considered, without advance notice.").) Defendants do not provide any authority for how the Court can apply this statute in this context. The Court finds, from its own independent research, that 18 U.S.C. § 1512 does not provide them with a private right of action or the Court jurisdictional authority over non-parties to a civil case. *See Hamrick v. Gottlieb*, 416 F.Supp.2d 1, 4-5 (D.D.C. 2005).

The Court therefore finds that non-parties Oakleaf and Azimuth are outside the Court's jurisdiction.

### III.

At the October 24, 2024 hearing, the Court presented Defendants with some potential solutions, such as issuing a deposition subpoena and taking a trial deposition of Ms. Connally in Colorado, where the subpoena can be enforced in the District of Colorado, or seeking emergency relief against Oakleaf and Azimuth from the appropriate court because they are interfering with Defendants' contract for expert witness services. Yet, Mr. Weiss claims that taking Ms. Connally's deposition would take too much time and be too difficult to find a date where everyone could appear before the trial—even blaming the Court's requirement that the parties to meet in person to discuss trial exhibits, a requirement that the Court waived at the hearing to benefit Defendants' timeline. (Doc. 270.)

These are all reasonable alternatives to rescheduling the trial. As the Court made clear during the October 24, 2024 hearing, at least three other attorneys have appeared in this case on behalf of Defendants. The Court therefore finds Mr. Weiss's contention that he is unable to prepare for trial under the circumstances unpersuasive. Three attorneys can easily notice and conduct a deposition between now and December, all while still preparing for the other aspects of trial.

Accordingly,

**IT IS ORDERED** that Plaintiffs and Wallick must, no later than **Wednesday, November 6, 2024,** each order a copy of the November 8, 2022 hearing (Doc. 32) transcript.

**IT IS FURTHER ORDERED denying** Defendants Wallick and Ms. Bingham's motion (Doc. 263) in all respects.

**IT IS FINALLY ORDERED affirming** the jury trial set for **December 3, 2024, at 9:00 AM** and all associated deadlines (Doc. 252).

Dated this 29th day of October, 2024.

Michael T. Liburdi
United States District Judge